# Susan C. Motley

## v.

# Regal Insurance Company

Record No. 920512

January 8, 1993

Present: All the Justices

*F. Guthrie Gordon, III*, for appellant.

*Matthew B. Murray (Richmond and Fishburne,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether an insurance company complied with the procedures for cancellation of an automobile insurance policy as required by Code § 38.2-2208.

Susan C. Motley filed a "second amended bill for declaratory judgment" against Regal Insurance Company (Regal). She sought a declaration that her policy remained in effect on March 3, 1990, when her insured vehicle was stolen and damaged, because Regal failed to comply with Code § 38.2-2208 when it cancelled her policy.

The facts are not in dispute. Motley submitted an application for an automobile insurance policy to an independent insurance broker. She received a policy from Regal, effective October 31, 1989, insuring her 1988 Ford Mustang.

Motley paid $466 as the down payment on an annual premium of $2,331. The balance was to be paid in eight equal installments. Motley failed to pay the first installment due November 30, 1989, and Regal forwarded to her a notice of cancellation. The notice was one of many that Regal's computer automatically generated for all customers who failed to pay premiums. The notice, dated December 5, 1989, contains a certification by Ray Andrews, Regal's employee, that he personally mailed the notice of cancellation.

The computer also created a list of Regal's delinquent insureds' names, loss payees, policy numbers, and addresses. This list is referred to as a "cancellation certificate of mailing."

The cancellation certificate of mailing, the document at issue in this case, is dated December 5, 1989, and contains Motley's name, policy number, and address. The document contains a certification, signed by an unidentified Regal employee, that the employee:

personally mailed in the U.S. Post Office at the place and time stamped hereon, a notice of cancellation or nonrenewal to the insureds, and, if required, to the lienholders listed above. Signed this 6th day of Dec 1989.

The postmaster also signed a certification which appears on the document and it contains the postmaster's stamp dated December 6, 1989.

The trial court, in a written opinion, held that ''[b]ased on the evidence presented . . . [Regal] has complied with the requirements of . . . Code § 38.2-2208, such that the plaintiff's policy was cancelled as of 12:01 a.m. on January 12, 1990.'' We awarded Motley an appeal.

Motley argues that Regal failed to comply with Code § 38.2-2208 because it is not clear from the cancellation notice and the cancellation certificate of mailing whether the cancellation notice was mailed on December 5 or December 6. Motley contends that because of this purported discrepancy, the cancellation notice did not terminate her insurance policy. Regal contends it complied with the requirements of Code § 38.2-2208. We agree.

Code § 38.2-2208 provides, in relevant part:

A. No written notice of cancellation . . . that is mailed by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless:

1. a. It is sent by registered or certified mail, or
b. At the time of mailing the insurer obtains a written receipt from the United States Postal Service showing the name and address of the insured stated in the policy;
2. The insurer retains a duplicate copy of the notice of cancellation . . . and
3. At the time of mailing the insurer endorses upon the duplicate copy of the notice a certificate showing that the duplicate is a copy of the notice that was sent to the insured (i) by registered or certified mail, or (ii) by regular mail for which the postal receipt was obtained.

The pertinent question is whether Regal complied with § 38.2-2208(A)(3).

■ The trial court found that Regal retained a duplicate notice of cancellation, which contained a certification by Ray Andrews that he personally mailed the notice of cancellation through the United States Postal Service and that he received a receipt for the mailing. Even though there was no direct evidence that Andrews signed the certification on the notice of cancellation on December 6, 1989, it

was reasonable for the trial court to infer that the certification was signed on that date. Mr. Donmoyer testified that, as a matter of company procedure, the notices of cancellation are generated by a computer at approximately 9:00 p.m. each night and are taken to the postmaster and signed at the post office the following morning. Additionally, certifications made by the postmaster and an unidentified Regal employee on the cancellation certificate of mailing indicate that the notice of cancellation was mailed to Motley on December 6, 1989.

Motley, however, argues that the trial court should not have considered the testimony of Mr. Donmoyer because, she contends, Code § 38.2-2208 requires that an insurance company create "a paper trail upon which an insurer can rely in proving a valid cancellation" and other testimony cannot be admitted to "bolster insufficient documentation." We disagree. We find nothing in Code § 38.2-2208 that precludes a witness from explaining procedures that an insurance company utilizes to generate documents that must be sent to an insured.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*